# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WIS HOLDING COMPANY, INC.,[1]<br><br>            Debtor. | Chapter 11<br><br><br><br>Case No. 18-11579 (___) |
| In re<br><br>WIS HOLDINGS CORP.,[2]<br><br>            Debtor. | Chapter 11<br><br><br><br>Case No. 18-11580 (___) |
| In re<br><br>WESTERN INVENTORY SERVICE, INC.,[3]<br><br>            Debtor. | Chapter 11<br><br><br><br>Case No. 18- 11582 (___) |
| In re<br><br>WASHINGTON INVENTORY SERVICE,[4]<br><br>            Debtor. | Chapter 11<br><br><br><br>Case No. 18-11581 (___) |

---

[1]    The last four digits of WIS Holding Company Inc.'s federal tax identification number are 2673.

[2]    The last four digits of WIS Holdings Corp.'s federal tax identification number are 4184.

[3]    The last four digits of Western Inventory Service, Inc.'s federal tax identification number are 2867.

[4]    The last four digits of Washington Inventory Service's federal tax identification number are 1851.

| | |
|---|---|
| In re<br><br>WIS INTERNATIONAL, INC.,[5]<br><br>        Debtor. | Chapter 11<br><br><br>Case No. 18-11583 (___) |
| In re<br><br>LABOR SUPPORT INTERNATIONAL, INC.,[6]<br><br>        Debtor. | Chapter 11<br><br><br>Case No. 18-11585 (___) |
| In re<br><br>SERVICE SUPPORT INTERNATIONAL, INC.,[7]<br><br>        Debtor. | Chapter 11<br><br><br>Case No. 18-11584 (___) |

## MOTION OF DEBTORS FOR
## ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order directing the joint administration of the

---

[5]     The last four digits of WIS International, Inc.'s federal tax identification number are 1762.

[6]     The last four digits of Labor Support International, Inc.'s federal tax identification number are 2151.

[7]     The last four digits of Service Support International, Inc.'s federal tax identification number are 2152.

IMPAC 5842002v.1

Debtors' related chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of the Motion, the Debtors submit the *Declaration of Timothy J. Bernlohr, in Support of Petitions and Initial Motions* (the "Bernlohr Declaration") filed contemporaneously herewith, and respectfully submit as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

3.      On July 2, 2018, the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  As of this date, no trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

5.      A detailed description of the Debtors' business and the reasons for filing these Chapter 11 Cases is set forth in the Bernlohr Declaration which is incorporated herein by reference.

## RELIEF REQUESTED

6.      By this Motion, the Debtors respectfully request the entry of an order directing joint administration of their related Chapter 11 Cases and the consolidation thereof for

3

procedural purposes only, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

7.      Joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each Debtor.  The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow this Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor the Chapter 11 Cases with greater ease.

8.      Further, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

9.      In order to administer the Chapter 11 Cases as efficiently as possible, such cases should be jointly administered, for procedural purposes only, under the case number assigned to WIS Holding Company, Inc.  The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the jointly-administered Chapter 11 Cases, which file and docket shall be the file and docket for WIS Holding Company, Inc.

The Debtors further request that the cases be administered under a consolidated caption, including the accompanying footnote as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WIS HOLDING COMPANY, INC., *et al.*,[1] | ) Case No. 18-11579 (___) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152).  The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

10.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than WIS Holding Company, Inc. to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases commenced concurrently by WIS Holding Company, Inc. and the debtors in the above-captioned cases.  The docket in the chapter 11 case of WIS Holding Company, Inc., Case No. 18-11579(  ), should be consulted for all matters affecting this case.

**<u>BASIS FOR RELIEF</u>**

11.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

12.     In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

13.     Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors.  Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

14.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases.  *See, e.g.*, *Enduro Resource Partners LLC*, No. 18-11174 (KG) (Bankr. D. Del. May 15, 2018); *In re General Wireless Operations Inc. DBA Radioshack*, No. 17-10506 (BLS) (Bankr. D. Del. Mar. 10, 2017); *In re Bonanza Creek Energy, Inc.*, No. 17-10015 (KJC) (Bankr. D. Del. Jan. 5, 2017); *In re La Paloma Generating Company, LLC*, No. 16-12700 (CSS) (Bankr. D. Del. Dec. 8, 2016); *In re Delivery Agent, Inc.*, No. 16-12051 (LSS) (Bankr. D. Del. Sept. 16, 2016); *In re Golfsmith International Holdings, Inc.*, No. 16-12033 (LSS) (Bankr. D. Del. Sept. 15, 2016); *In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, No. 16-11626 (BLS) (Bankr. D. Del. July 12, 2016); *In re Steel Forming, Inc.*, No. 16-11220 (CSS) (Bankr. D. Del. May 18, 2016); *Sports Authority Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Mar. 2, 2016).

15.     The joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates.  For example, to the extent applicable, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities to the extent maintained in the ordinary course of business prior to the Petition Date.  Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

16.     Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

17.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases.

<u>**NOTICE**</u>

18.     Notice of the hearing of this Motion shall be provided to (i) the U.S. Trustee; (ii) counsel for Centre Lane Partners, LLC; (iii) Retail Services WIS, Corporation; (iv) those parties listed on the list of creditors holding the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis), as identified in their chapter 11 petitions, and (v) the parties required to be served pursuant to Local Rule 9013-1(m)(iii).  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

7

## NO PRIOR REQUEST

No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the Chapter 11 Cases and (ii) grant such other and further relief as may be just and proper.

Dated:  July 2, 2018
       Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, Delaware  19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
      rmcneill@potteranderson.com
      rslaugh@potterandercon.com

*Proposed Counsel for the Debtors*

IMPAC 5842002v.1

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>WIS HOLDING COMPANY, INC.,[1]<br><br>                Debtor. | Chapter 11<br><br><br>Case No. 18-11579 (____) |
| In re<br><br>WIS HOLDINGS CORP.,[2]<br><br>                Debtor. | Chapter 11<br><br><br>Case No. 18-11580 (____) |
| In re<br><br>WESTERN INVENTORY SERVICE, INC.,[3]<br><br>                Debtor. | Chapter 11<br><br><br>Case No. 18- 11582 (____) |
| In re<br><br>WASHINGTON INVENTORY SERVICE,[4]<br><br>                Debtor. | Chapter 11<br><br><br>Case No. 18-11581 (____) |

---

[1]     The last four digits of WIS Holding Company Inc.'s federal tax identification number are 2673.

[2]     The last four digits of WIS Holdings Corp.'s federal tax identification number are 4184.

[3]     The last four digits of Western Inventory Service, Inc.'s federal tax identification number are 2867.

[4]     The last four digits of Washington Inventory Service's federal tax identification number are 1851.

IMPAC 5842002v.1

| | |
|---|---|
| In re<br><br>WIS INTERNATIONAL, INC.,[5]<br><br>          Debtor. | Chapter 11<br><br><br>Case No. 18-11583 (___) |
| In re<br><br>LABOR SUPPORT INTERNATIONAL, INC.,[6]<br><br>          Debtor. | Chapter 11<br><br><br>Case No. 18-11585 (___) |
| In re<br><br>SERVICE SUPPORT INTERNATIONAL, INC.,[7]<br><br>          Debtor. | Chapter 11<br><br><br>Case No. 18-11584 (___) |

## ORDER PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[8] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases"); and upon consideration of the Bernlohr Declaration; and consideration of the Motion

---

[5]      The last four digits of WIS International, Inc.'s federal tax identification number are 1762.

[6]      The last four digits of Labor Support International, Inc.'s federal tax identification number are 2151.

[7]      The last four digits of Service Support International, Inc.'s federal tax identification number are 2152.

[8]      Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

3

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion and hearing to consider the relief requested herein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Chapter 11 Cases shall be jointly administered and consolidated for procedural purposes only.

3.      The Clerk of the Court shall maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of WIS Holding Company, Inc., Case No. 18-11579 (____).

4.      The consolidated caption of the jointly administered cases, including the accompanying footnote, shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| WIS HOLDING COMPANY, INC., *et al.*,[1] | ) Case No. 18-11579 (___) <br> ) Jointly Administered |
|  | ) |
| Debtors. | ) |
|  | ) |

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152).  The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

5.      The Clerk of the Court shall make a docket entry in each of the Chapter 11 Cases other than WIS Holding Company, Inc. substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases commenced concurrently by WIS Holding Company, Inc. and the debtors in the above-captioned cases.  The docket in the chapter 11 case of WIS Holding Company, Inc., Case No. 18-11579(   ), should be consulted for all matters affecting this case.

6.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 11 Cases.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

*[Remainder of Page Intentionally Left Blank]*

IMPAC 5842002v.1

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated:  _____, 2018
            Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE