IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SIW HOLDING COMPANY, INC., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 18-11579 (CSS) <br> ) Jointly Administered <br> ) <br> ) <br> ) Re: Docket No. 61 |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, (II) APPROVING PROOF OF CLAIM FORM, BAR DATE NOTICES, AND MAILING AND PUBLICATION PROCEDURES, AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rules 2002-1(e) and 3003-1, (i) establishing the General Bar Date by which all creditors and certain interest holders must file proofs of claim[3] in these Chapter 11 Cases; (ii) establishing the Governmental Bar Date by which all governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), including but not limited to taxing authorities, must file proofs of claim in these Chapter 11 Cases; (iii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court as the Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed; (iv)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SIW Holding Company, Inc. f/k/a/ WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152). The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

[2] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

[3] The Bar Dates approved herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

1

IMPAC 5905661v.1

establishing the Amended Schedule Bar Date by which creditors holding claims which have been amended by the Debtors in their Schedules as the later of the General Bar Date and twenty-one (21) days after the date that notice of the amendment is served on the affected claimant; (v) approving the Claim Form to be distributed to potential creditors; (vi) approving the Bar Date Notice and the Publication Notice to be used to inform potential creditors of the Bar Dates; (vii) approving mailing and publication procedures with respect to notice of the Bar Dates; and (viii) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors or their property in these Chapter 11 Cases; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. <u>Bar Dates</u>. The Bar Dates set forth in the Motion are hereby APPROVED.

3. <u>Notices and Forms</u>. The forms of the Bar Date Notice, the Publication Notice, and the Claim Form, substantially in the form attached to the Motion, and the manner of providing notice of the Bar Dates proposed in the Motion, are APPROVED. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4.  **The General Bar Date.** The General Bar Date by which proofs of claim against the Debtors must be filed is **4:00 p.m. (PDT) on September 28, 2018**, provided, however, that the General Bar Date for governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), including but not limited to taxing authorities, is **4:00 p.m. (PST) on January 2, 2019**.

5.  Any Entity that asserts a Prepetition Claim against the Debtors is required to file an original, written proof of such Prepetition Claim using the Claim Form or Official Form No. 410 so as to be received on or before the General Bar Date or the Governmental bar Date, as applicable, by either mail; delivery by hand, courier, or overnight service; or by electronic filing at: (i) **if via First Class Mail, send to:** SIW Holding Company, Inc. c/o JND Corporate Restructuring, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; (ii) **if via Hand Delivery or Overnight Courier, send to:** SIW Holding Company, Inc. c/o JND Corporate Restructuring, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238; and (iii) **if via Electronic Filing, by accessing the E-filing Claims link at:** http://www.jndla.com/cases/wisholdingcompany (collectively, the "Claims Docketing Center").

6.  The Claims Docketing Center will not accept Claim Forms sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim for a Prepetition Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the General Bar Date or the Governmental Bar Date, as applicable.

7.  The following Entities do not need to file proofs of claim:

    (a)   any Entity that has already properly filed with the Claims Docketing Center a proof of claim against one or more of the Debtors for which no other or additional amounts or claims are sought;

3

IMPAC 5905661v.1

(b) any Entity whose Prepetition Claim is listed in the Debtors' schedules of assets and liabilities (the "Schedules"), **and** is not designated as "disputed," "contingent," or "unliquidated," **and** with respect to which the entity agrees with the nature, classification and amount that such Prepetition Claim is identified in the Schedules, **and** with respect to which the entity agrees that its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c) any Entity whose Prepetition Claim (including any Prepetition Claim listed in the Debtors' Schedules) previously has been allowed by, or paid pursuant to, an order of this Court;

(d) any of the Debtors that hold Prepetition Claims against one or more of the other Debtors;

(e) any current or former equity security holder that seeks to assert only stock ownership interests.[4]

8. Any Entity whose Prepetition Claim is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and that desires to participate in or share in any distribution in any of these Chapter 11 Cases and any Entity that believes its Prepetition Claim is improperly classified in the Schedules or is listed in an incorrect amount or is not listed in the Schedules of each of the Debtors against whom such Entity asserts a claim and that desires to have its Prepetition Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

9. The Rejection Bar Date. The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

---

[4] Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership is required to file a proof of claim by the General Bar Date.

4

10. Entities wishing to assert a Rejection Damages Claim are required to file an original proof of such Rejection Damages Claim using the Claim Form so as to be received on or before the Rejection Bar Date by either mail; delivery by hand, courier, or overnight service; or electronic filing at the appropriate address identified above for the Claims Docketing Center.

11. The Claims Docketing Center will <u>not</u> accept Claim Forms or sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim with respect to a Rejection Damages Claim shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Rejection Bar Date.

12. <u>The Amended Schedule Bar Date</u>. The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules is the later of (a) the General Bar Date and (b) twenty-one (21) days after the date that notice of the amendment or addition is served on the affected claimant.

13. Entities wishing to file proofs of claim with respect to claims which have been amended by the Debtors in their Schedules or added thereto are required to file an original proof of such claim using the Claim Form so as to be received on or before the Amended Schedule Bar Date by either mail; delivery by hand, courier, or overnight service; or electronic filling at the appropriate address identified above for the Claims Docketing Center.

14. The Claims Docketing Center will <u>not</u> accept Claim Forms sent by facsimile, telecopy, or electronic means other than outlined above. A proof of claim with respect to a claim which has been amended by the Debtors in their Schedules or added thereto shall be timely filed only if the original Claim Form is *actually received* by the Claims Docketing Center on or before the Amended Schedule Bar Date.

IMPAC 5905661v.1

15. <u>Claim Form</u>. Each proof of claim filed for a Prepetition Claim must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the Claim Form provided or Official Form No. 410, as applicable, and (d) attach copies of any writings upon which the claim is based.

16. <u>Writings</u>. Upon the advance express written consent of the Debtors, a proof of claim filed for a Prepetition Claim may be filed without the writings upon which the Prepetition Claim is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; provided, however, that, upon request of the Debtors or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors and the party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

17. <u>Filing Proofs of Claim Against Multiple Debtors</u>. All Entities asserting claims against more than one Debtor are required to: (a) file a separate proof of claim for a Prepetition Claim with respect to each such Debtor and (b) identify on each proof of claim for a Prepetition Claim the particular Debtor against which their claim is asserted.

18. <u>Effect of Failure to File by Applicable Bar Date</u>. Any Entity that is required pursuant to this Order to file a proof of claim for a Prepetition Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to do so on or by an applicable Bar Date, is forever barred, estopped, and enjoined from: asserting any Prepetition Claim against any of the Debtors (or filing a proof of claim for a Prepetition Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim. Additionally, any holder of any Prepetition Claim who is required, but fails, to

file a proof of such Prepetition Claim in accordance with this Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' Chapter 11 Cases on account of such Prepetition Claim or to receive further notices regarding such Prepetition Claim.

19. <u>Mailing of Bar Date Notice Packages</u>. The Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and the Claim Form (collectively, the "<u>Bar Date Notice Package</u>") within five (5) business days of the entry of this Order to: (a) the U.S. Trustee; (b) all holders of Prepetition Claims listed on the Schedules at the addresses stated therein; (c) all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (d) all known current or former record holders of equity security interests of a Debtor; (e) all taxing authorities for locations in which the Debtors do business; (f) all known lienholders; (g) all known parties to litigation (or their counsel, as applicable) in which the Debtors are involved; (h) all insurance providers; (i) all of the Debtors' ordinary course professionals; (j) the Debtors' banks; (k) the Debtors' lenders; (l) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order; (m) all parties that have filed proofs of claim in these cases as of the date of entry of this Order and (n) all parties included on the creditor matrix filed in these cases (collectively, the "<u>Bar Date Notice Parties</u>").

20. With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Claim Form annexed to the Motion as **Exhibit A**, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount and classification of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

21. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the applicable Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

22. <u>Supplemental Mailings of Bar Date Notice Packages</u>. In the event that: (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity security holders) decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "<u>Special Bar Date Parties</u>"), the Debtors shall, to the extent they become aware of such Special Bar Date Parties prior to the applicable Bar Dates, make supplemental mailings of the Bar Date Notice Package up to twenty-four (24) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

23. <u>Establishment of Special Bar Dates</u>. The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to twenty-four (24) days in advance of an applicable Bar Date. With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least twenty-one (21) days after the date on which the Debtors mail the notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions). The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are

subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with the Court, the Debtors shall serve such notice upon the U.S. Trustee. The Debtors shall file a certificate of service to evidence the mailing of each special bar date notice to the parties subject thereto.

24. Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. As to any of such specifically identified parties, however, who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, governs. The Bar Dates will remain effective and fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with respect to unknown parties who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

25. <u>Actual Notice of Amended Schedule Bar Date</u>. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim or add a claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added claim, which shall include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

26. <u>Filing a Class Claim</u>. The Debtors are authorized to serve one copy of the Bar Date Notice Package on Class Counsel on behalf of all FLSA Class Claimants. Class Counsel is permitted, but not required, to file a class claim on behalf of the FLSA Class Claimants. To the extent additional modifications to the Claim Form are necessary to permit the filing of a class

IMPAC 5905661v.1

claim, counsel to the Debtors is authorized to work with Class Counsel to make any additional modifications necessary to facilitate the filing of the class claim.

27. <u>Assistance of Claims Agent</u>. JND Corporate Restructuring ("<u>JND</u>"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages. To the extent that JND requires any assistance with the preparation and mailing of the Bar Date Notice Package, JND is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. JND is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

28. <u>Publication Notice</u>. The Debtors shall cause the Publication Notice to be published in the national edition of *The New York Times* as soon as practicable after entry of this Order but in any event no later than twenty-four (24) days prior to the earliest of the Bar Dates.

29. <u>Reservation of Rights</u>. The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent or unliquidated; and (c) object to any Prepetition Claim, whether scheduled or filed, on any grounds.

30. The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

31.  This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Dated: August 27, 2018
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

IMPAC 5905661v.1