# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| SIW HOLDING COMPANY, INC., *et al.*,[1] | ) Case No. 18-11579 (CSS) ) Jointly Administered ) |
| Debtors. | ) **Re: Docket No. 143** |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A STIPULATION FOR TURNOVER OF RABBI TRUST ASSETS TO THE DEBTORS

Upon the Motion[2] of the above captioned debtors and debtors-in-possession (the "<u>Debtors</u>") for entry of an order approving a stipulation for turnover of all Trust Assets to the Debtors as set forth more fully in the Motion; and due and sufficient notice of the Motion having been provided as set forth in the Motion; and it appearing that approval of the Stipulation and delivery of the Trust Assets to the Debtors is in the best interest of the Debtors, the Debtors' bankruptcy estates, the Debtors' creditors and all parties in interest and is supported by sound business reasons; and after due deliberation and due and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED.

2. The Stipulation attached hereto as **Exhibit 1** is approved.

3. Within fifteen (15) business days after entry of this Order, provided that no appeal, motion for rehearing or other motion for relief from such order has been filed prior to the expiration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SIW Holding Company, Inc. f/k/a/ WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152). The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

[2] Capitalized terms not specifically defined herein have the meanings ascribed to them in the Motion.

IMPAC 6039375v.1

of such period, Principal is directed to liquidate the Trust Assets and deliver the proceeds to the Debtors for the benefit of the estates.

4. Contemporaneously with the turnover of such funds to the Debtors, the Trustee is authorized to apply the proceeds in full satisfaction of Principal's reasonable expenses; provided, however, in the event the Debtors object to the expenses sought by Principal, the Court retains jurisdiction to resolve any dispute regarding the amount of said expenses.

5. Upon the receipt of the balance of the surrender proceeds by the Debtors, the Trust Agreement and the Services Agreement shall be deemed terminated and all duties and obligations of (i) the Debtors and the Trustee under the Trust Agreement and (ii) the Debtors and Principal Life under the Services Agreement shall be terminated.

6. Upon turnover of the balance of the proceeds to the Debtors, Principal will have fulfilled its duties under the Trust Agreement and the Services Agreement in accordance with their terms and applicable law, and shall not be liable to the Debtors, any Participant or beneficiary, any creditor of the Debtors or any successors in interest to any of the foregoing, with respect to the NQ Plan, the Trust Agreement, the Trust Assets, the Services Agreement, or the Trust.

7. Washington Inventory Service's indemnification obligations set forth in Article VI, paragraph B.5. of the Services Agreement and Section 3.4 of the Trust Agreement will remain in full force and effect following the turnover of the net proceeds of the liquidated Trust Assets in the manner described herein and the subsequent termination of the Services Agreement and the Trust Agreement.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: January 3, 2019
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

IMPAC 6039375v.1