## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIW HOLDING COMPANY, INC., *et al.*,[1] | ) Case No. 18-11579 (KBO) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Docket No. 318** |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* (the "Motion");[2] and based on the record in these Chapter 11 Cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SIW Holding Company, Inc. f/k/a/ WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152). The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

[2]     Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on this Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

A.      The Debtors have all necessary authority to propose and prosecute the Plan and the Disclosure Statement.

B.      The Debtors have provided adequate notice of the Motion, and the time fixed for filing objections thereto, and no other or further notice need be provided with respect to the Motion.

C.      The period, set forth below, during which the Debtors may solicit the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan, including to make an informed decision to object to the Plan.

D.      The procedures for solicitation and tabulation of votes to accept or reject the Plan (as more fully set out in the Motion and in this Order in **Exhibit 1** attached hereto) (the "Solicitation Procedures") provide for a fair and equitable process, and are consistent with the section 1126 of the Bankruptcy Code.

E.      The notices substantially in the forms attached hereto as **Exhibit 2** (the "Confirmation Hearing Notice"), **Exhibit 3** (the "Non-Voting Status - Deemed to Accept Notice") and **Exhibit 4** (the "Non-Voting Status - Deemed to Reject Notice" and together with the

Confirmation Hearing Notice, and the Non-Voting Status - Deemed to Accept Notice, the "Notices"), and the procedures set forth below for providing such notices to creditors of the time, date and place of the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing"), and the contents of the Notices comply with Bankruptcy Rules 2002, 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

F.      The forms of the Ballots attached hereto as **Exhibits 5-9** are sufficiently consistent with Official Form No. 314, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for the Voting Classes to vote to accept or reject the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Disclosure Statement is approved on an interim basis under Bankruptcy Code section 1125, Bankruptcy Rule 3017 and Local Rule 3017-2.  Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Confirmation Hearing.

3.      The Debtors' request for a combined hearing on approval of the Disclosure Statement and Confirmation of the Plan, and the confirmation schedule set forth in the table below are hereby approved.

| November 18, 2019 at 4:00 p.m. | Solicitation Procedures Objection Deadline |
|---|---|
| December 10, 2019 at 11:00 a.m. | Solicitation Procedures Hearing |
| December 10, 2019 | Voting Record Date |
| December 13, 2019 | Date of service of Notices of Hearing, Ballots and Solicitation Packages or Notices of Non-Voting Status, as applicable (the "Solicitation Date") |

| January 27, 2020 at 11:59 p.m. | Deadline for Voting on the Plan |
|---|---|
| January 27, 2020 at 4:00 p.m. | Deadline to Object to Disclosure Statement and/or Plan |
| January 30, 2020 at 4:00 p.m. | Deadline for replies to Disclosure Statement and confirmation objections, if any |
| January 30, 2020 at 4:00 p.m. | Voting Report Deadline |
| February 4, 2020 at 10:00 a.m. | Combined Confirmation Hearing. |

4.     The Confirmation Hearing may be continued from time to time by the Court or the Debtors, after consultation with counsel to the Committee, without further notice other than adjournments announced in open court.

5.     Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

(a)     be in writing;

(b)     conform to the Bankruptcy Rules and Local Rules;

(c)     state the name and address of the objecting party and the amount and nature of the Claim of such entity;

(d)     state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

(e)     be filed, together with a proof of service, with the Court and served so that they are **actually received** by the following parties **on or prior to the Objection Deadline**: (i) counsel to the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, Sixth Floor, Wilmington, Delaware 19801, Attn: Jeremy W. Ryan and R. Stephen McNeill; (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter; (iii) counsel to the Committee, Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, DE 19801, Attn: Tom Horan and (iv) counsel to the Purchaser, (A) Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Nathan A. Haynes and (B) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington Delaware 19801, Attn: Dennis A. Meloro.

6.     The Solicitation Procedures set forth in **Exhibit 1** attached hereto are hereby approved in their entirety, provided that the Debtors reserve the right, after consultation with the Committee, to make non-material amendments or supplements to the Solicitation Procedures and

related documents to better facilitate the confirmation process.

7.       The Solicitation Procedures for service of the Solicitation Package (defined below) and the Notices set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

8.       The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2,** complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and Local Rule 3017-2 and is approved in all respects.  The Confirmation Hearing Notice shall be served upon the Debtors' creditors and all parties requesting notice pursuant to Bankruptcy Rule 2002 within three (3) business days of the entry of this Order.

9.       The Non-Voting Status Notices, substantially in the forms attached hereto as **Exhibits 3 and 4,** are hereby approved in all respects.  The Non-Voting Status - Deemed to Accept Notice shall be served upon all holders of Claims in Classes I and II within three (3) days of the entry of this Order.  The Non-Voting Status - Deemed to Reject Notice shall be served upon all holders of Interests in Class VIII within three (3) business days of the entry of this Order.

10.      The Debtors shall transmit a package (the "Solicitation Package") containing, (a) a cover letter describing the contents of the Solicitation Package, (b) the Disclosure Statement, the Plan and all exhibits thereto (on a disk or flash drive in PDF format), (c) this Order (on a disk or flash drive in PDF format), (d) the Confirmation Hearing Notice, (e) the Ballot, including voting instructions, and (f) a pre-addressed stamped return envelope to holders of Claims in the Voting Classes within three (3) business days following entry of this Order.

11.      As part of the Solicitation Package, the Debtors shall distribute to creditors entitled to vote on the Plan the applicable Ballot based on Official Form No. 314, modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information

that the Debtors believe to be relevant and appropriate for the Voting Classes to vote to accept or reject the Plan.  The forms of Ballots attached hereto as **Exhibits 5-9**, are hereby approved.

12.     Ballots shall be transmitted by mail, as part of the Solicitation Package, to the record holders of claims in the Voting Classes.  All other holders of Claims and Interests will not be provided with a Ballot because such holders are either unimpaired and presumed to accept the Plan under Bankruptcy Code section 1126(f) or impaired and deemed to reject the Plan under Bankruptcy Code section 1126(g).  Such non-voting holders will receive a copy of the Confirmation Hearing Notice and the applicable Non-Voting Status Notice.

13.     The procedures set forth in the Motion for effectively casting a Ballot are hereby approved in their entirety.  In order to cast a Ballot, parties must (i) fully complete and execute the Ballot and return it by first-class mail, over-night courier or hand-delivery to Stretto at the address set forth in the Ballot or (ii) submit it via electronic online transmission through a customized online balloting portal on    the    Debtors'    case    website,    https://cases.stretto.com/wis-international/ballots[3] on or before the Voting Deadline.

14.     Ballots otherwise sent by facsimile, telecopy, or electronic submissions other than as set forth in the Ballot will **not** be accepted.  Only properly completed, executed and timely submitted Ballots will be accepted by the Debtors.

15.     The following Ballots shall not be counted in tabulating votes cast to accept or reject the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot submitted by a party that does not hold a Claim in a Class that is entitled to vote; (c) any unsigned Ballot; and (d) any Ballot not marked to

---

[3]     The encrypted Ballot data and audit trail created by such electronic submissions shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature immediately legally valid and effective.

either accept or reject the Plan, as applicable.

16.     The record date for determining which holders of Claims are to be served with the Solicitation Package and the Notices shall be the date on which this Order is entered (the "Record Date").

17.     Unless otherwise set forth herein, the Debtors shall mail only the Confirmation Hearing Notice to parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors also will mail, or cause to be mailed, the Confirmation Hearing Notice and the applicable Non-Voting Status Notice to all known holders of Claims and Interests in Classes that are not entitled to vote on the Plan.  The Debtors are authorized to provide in the Confirmation Hearing Notice directions for such parties to obtain (i) electronic copies of the Plan Documents via download from the website maintained by Stretto and (ii) a print copy of the Plan Documents free of charge to the requesting party (but only to the extent so requested of Stretto by telephone, letter or email) to be delivered by Stretto to the requesting party by first-class mail.

18.     The Debtors are authorized, after consultation with the Committee, to make non-material changes to the Disclosure Statement, Plan, Solicitation Procedures, Notices, Ballots and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.

19.     The Debtors and Stretto are hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

20.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.

7

21.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

*Ka B. O—.*

**Dated: December 12th, 2019**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

8