## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SIW HOLDING COMPANY, INC., *et al.*,[1] | Case No. 18-11579 (KBO)<br>Jointly Administered |
| Debtors. | **Re: Docket Nos. 343, 345, 383 and 387** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of the *Second Amended Joint Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 383] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"); and the *Amended Disclosure Statement for Amended Joint Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 345] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"),[2] the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* [D.I. 318] (the "Solicitation Procedures Motion") and approved by Order of the Court dated December 12, 2019 [D.I. 343] (the "Solicitation Procedures Order"); and the affidavits of service filed

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SIW Holding Company, Inc. f/k/a/ WIS Holding Company, Inc. (2673); WIS Holdings Corp. (4184); Western Inventory Service, Inc. (2867); Washington Inventory Service (1851); WIS International, Inc. (1762); Labor Support International, Inc. (2151); and Service Support International, Inc. (2152).  The Debtors' mailing address is 9265 Sky Park Court, Suite 100, San Diego, CA 92123-4312.

[2]     Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in the Disclosure Statement.

reflecting compliance with the notice and solicitation requirements of the Solicitation Procedures Order; and the *Certification of Stretto Regarding Tabulation of Votes in Connection with the Second Amended Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Voting Declaration") [D.I. 385]; and upon the *Declaration of Timothy J. Bernlohr in Support of Confirmation of the Amended Joint Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Bernlohr Declaration") [D.I. 386]; and a Confirmation Hearing having been held on February 4, 2020; and upon the evidence adduced and proffered and the statements of counsel made at the Confirmation Hearing; and the Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record compiled in these chapter 11 cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefore; the Court hereby makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

B.     Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this

2

Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code.

C.    <u>Commencement of the Case</u>. On the Petition Date, the Debtors commenced these cases under chapter 11 of the Bankruptcy Code. The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

D.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket in these Cases maintained by the clerk of this Bankruptcy Court and/or its duly appointed agent, <u>including</u>, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Bankruptcy Court during this Case, <u>including</u>, without limitation, the Confirmation Hearing (collectively, the "<u>Record</u>").

E.    <u>Burden of Proof</u>. The Debtors and the Committee, as proponents of the Plan, have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtors and the Committee have met that burden.

F.    <u>Notice; Transmittal and Mailing of Materials</u>. Due, adequate and sufficient notice of the Disclosure Statement, the Plan and the Confirmation Hearing, along with the deadlines for voting on and filing objections to the Plan and the Disclosure Statement has been given to all known holders of Claims and Interests, the Office of the United States Trustee for the District of Delaware, and the Committee substantially in accordance with the procedures set forth in the Solicitation Procedures Order, and no other or further notice is or shall be required.

G.    The Disclosure Statement, Plan, Ballots and Solicitation Procedures Order were transmitted and served in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and such transmittal and service were adequate and sufficient, and no further notice is or shall be required.  All procedures used to distribute the Solicitation Packages were fair, and conducted in accordance with the Solicitation Procedures Order, Bankruptcy Code and the Bankruptcy Rules and all other applicable rules, laws and regulations;

H.    Adequate and sufficient notice of the Confirmation Hearing and other bar dates described in the Solicitation Procedures Order and the Plan have been given in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice is or shall be required; and

I.    The filing with the Court and service of the Plan and the disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of the Plan and all later modifications thereto**.**

J.    <u>Good Faith Solicitation</u>.  The Debtors and their agents, representatives, attorneys, and advisors, and other Persons involved in the solicitation process have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 6.1 of the Plan.

K.    Votes to accept and reject the Plan were solicited fairly, in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Procedures Order and all other applicable statutes, rules, laws and regulations.

4

L.    <u>Voting</u>.    Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the Voting Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

M.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth below and as demonstrated by the Record, the Plan complies with all relevant sections of the Bankruptcy Code, Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Plan.  In particular, the Plan complies with all of the requirements of section 1129(a)(1) of the Bankruptcy Code.

N.    <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>.  In addition to Priority Claims that need not be classified, the Plan classifies eight (8) Classes of Claims and Interests. The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.  The Plan's classifications conform to the statute and separately classify claims based on valid business and legal reasons.  The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Interest in the Debtors' Estates and was not proposed to create a consenting impaired class and, thereby, manipulate class voting.  Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

O.    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code.  Article I of the Plan

specifies that Administrative Claims, Professional Fee Claims, and Priority Tax Claims are unimpaired and these Claims are not classified.  Article I of the Plan also specifies that Classes I and II are unimpaired under the Plan.

P.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article I of the Plan designates Classes III, IV, V, VI, VII, and VIII as Impaired, and it specifies treatment of all of these Classes of Claims and Interests under the Plan.  Accordingly, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

Q.    No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class, unless the Holder of a Claim or Interest has agreed to a less favorable treatment.  Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

R.    Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The provisions in Article II and elsewhere in the Plan, and in the exhibits and attachments to the Plan and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's implementation, including regarding:  (a) the distribution to holders of Claims, (b) the cancellation of existing Interests, (c) the establishment of the Rabbi Trust Reserve, (d) the transfer of funds to the Settlement Administrator in accordance with the terms of the Settlement Agreement, (e) the substantive consolidation of the Debtors' estates, (f) authorizing the Debtors to take all actions necessary to effectuate the Plan, and (g) the continued employment of Timothy J. Bernlohr as the Debtors' sole independent director through the date of entry of a Final Decree.  Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

S.    <u>Voting Power of Equity Securities</u>.    The Plan contemplates that all existing Interests in the Debtors shall be cancelled as of the Effective Date.    As a result thereof, the Debtors have complied with section 1123(a)(6) of the Bankruptcy Code.

T.    <u>Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.    The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.    Section 2.5 of the Plan provides for the continued employment of Mr. Bernlohr as the sole member of the board of directors and officer of each Debtor.    Mr. Bernlohr's continued employment and service through the closing of these Cases is consistent with the interests of all holders of Claims and Interests and public policy.

U.    <u>Discretionary Contents of the Plan</u>.    The Plan contains various provisions that may be construed as discretionary and are not required for confirmation under the Bankruptcy Code.    As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are appropriate and consistent with the applicable provisions of the Bankruptcy Code.    As a result, section 1123(b) of the Bankruptcy Code is satisfied.

V.    <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>.    The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code.    Section 3.2 of the Plan provides for the rejection of the Debtors' executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected prior to the Effective Date under section 365 of the Bankruptcy Code.    Section 3.2 of the Plan also provides that, for avoidance of doubt, the Settlement Agreement is not subject to rejection under Article III of the Plan.

W.    <u>Chubb Insurance Claims</u>.    On the Effective Date, in accordance with Section 2.11 of the Plan, the Debtors and their estates are waiving any rights and claims with respect to the

7

Chubb Policies. The proofs of claim filed by Chubb shall be deemed withdrawn upon the occurrence of the Effective Date of the Plan.

X.    <u>Settlement, Release, Exculpation and Injunction (11 U.S.C. § 1123(b)(3))</u>. The Settlement Agreement is in the best interests of the Debtors, their Estates, and all Holders of Claims and Interests, and is fair, equitable, and reasonable.

Y.    This Court has jurisdiction under 28 U.S.C. §§1334(a) and (b), and the *Amended Standing Order of Reference* dated as of February 29, 2012, from the United States District Court, to approve the releases set forth in Article VI of the Plan, as well as the related injunctions or stays provided for therein. The releases provided in Section 6.2 of the Plan are appropriate under the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court. The Debtors have satisfied the business judgment standard with respect to the propriety of the releases. Such releases constitute a necessary and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtors, their Estates, and Holders of Claims and Interests. Furthermore, such releases by the Debtors of the Released Parties were contemplated by the Settlement Agreement and are: (a) in exchange for the good and value consideration provided by the Released Parties; (b) a good-faith settlement and compromise of the Claims released by Section 6.2 of the Plan; (c) given, and made, after due notice and opportunity for hearing; and (d) a bar to any of the Debtors, their Estates, or any person or entity claiming through, on behalf of, or for the benefit of any of the foregoing Entities, asserting any Claim or Cause of Action released by Section 6.2 of the Plan.

Z.    The third party releases provided in Section 6.3 of the Plan are appropriate under the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court. The third-party release is consensual with respect to (i) the Holders of Claims in Classes III and IV, who all

agreed to the releases in connection with the Settlement Agreement and (ii) any Holder of a

Claim in Class V or VI that opted into the release in Section 6.3 of the Plan (collectively, the

"Releasing Parties").  The Debtors have satisfied the business judgment standard with respect to

the propriety of the releases.  Such releases were contemplated by, and were an integral part of

the Settlement Agreement and are: (a) in exchange for the good and value consideration provided

by the Released Parties; (b) a good-faith settlement and compromise of the Claims released by

Section 6.3 of the Plan; (c) given, and made, after due notice and opportunity for hearing; (d)

fully consensual, and (e) a bar to any person or entity granting such release from asserting any

Claim or Cause of Action released by Section 6.3 of the Plan.  For the avoidance of doubt, the

releases provided in Section 6.3 of the Plan are only effective with respect to the Releasing

Parties.

AA.    The exculpation provision set forth in Section 6.1 of the Plan is appropriate under

the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court, including, because

it was proposed in good faith, was formulated following extensive good faith, arm's length

negotiations with key constituents and is appropriately limited in scope.

BB.    The injunction provision set forth in Section 6.4 of the Plan is necessary to

implement, preserve, and enforce the releases and exculpation provided in Sections 6.1, 6.2 and

6.3 of the Plan (together with the injunction provision set forth in Section 6.4 of the Plan, the

"Release, Exculpation, and Injunction Provisions").

CC.    Each of the Release, Exculpation, and Injunction Provisions is:  (a) within the

jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) an essential

means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) an

integral element of the transactions incorporated into or contemplated by the Plan, including,

9

without limitation, the Settlement Agreement; (d) conferring material benefit on, and is in the best interests of, the Debtors and their Estates; (e) important to the overall objectives of the Plan to maximize value of the Debtors' remaining assets; and (f) consistent with section 105, 1123, and 1129 and other applicable provisions of the Bankruptcy Code.

DD.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan reflects the date it was filed with the Court and identifies the Debtors and the Committee as the plan proponents.  Accordingly, the Plan satisfies Bankruptcy Rule 3016(a).

EE.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors and the Committee have complied with the applicable provisions of title 11, <u>including</u>, specifically, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.  Furthermore, the solicitation of acceptances or rejections of the Plan: (i) complied with the Solicitation Procedures Order and (ii) complied with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation.  Moreover, the Disclosure Statement provided disclosure of "adequate information" to holders of Claims or Interests, as section 1125(a) of the Bankruptcy Code defines that term.  Accordingly, the Debtors and the Committee, and their respective directors, officers, employees, agents, members, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

FF.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan complies fully with the requirements of section 1129(a)(3) of the Bankruptcy Code.  Having examined the totality of the circumstances surrounding the Plan, this Court finds that the Plan was proposed in good faith and not by any means forbidden by law.  The Plan is the result of extensive arm's-length discussions, debate and/or negotiations among the Debtors, Committee, the Purchaser

Parties, and other parties in interest, and is supported by many constituents in these Cases. It is clear that the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a liquidation of the Debtors.

GG.    Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of, the Court as reasonable. Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

HH.    Disclosure and Identity of Proposed Management (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. Section 2.5 of the Plan adequately discloses the individual proposed to serve, as of the Effective Date, as the director and sole officer of the Debtors, and the nature of the compensation of any insider that will be employed or retained by the Debtors. The appointment of such individual to such positions is consistent with the interests of holders of Claims and Interest and public policy, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

II.    Approval of Rate Changes (11 U.S.C. § 1129(a)(6)). The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors.

JJ.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). The Plan complies fully with the requirements of section 1129(a)(7) of the Bankruptcy Code. As set forth fully in the Bernlohr Declaration, the "best interests" test is satisfied as to all impaired classes of Claims and Interests. Furthermore, a liquidation under chapter 7 would adversely affect the ultimate proceeds available for distribution to all holders of Allowed Claims in the Cases due to the loss

of the benefits of the Settlement Agreement.  The Settlement Agreement provides the Debtors with a reduction of approximately $250 million in unsecured claims plus an additional $3.9 million settlement payment from the Purchaser Parties.  The Purchaser Parties are unwilling to enter into the Settlement Agreement if the Cases are converted to cases under chapter 7.  Moreover, the increased costs associated with a liquidation under chapter 7 would substantially reduce the proceeds available for distribution.  These costs would include, among other things, administrative fees and costs payable to a chapter trustee and professional advisors to such trustee.  In the context of the erosion of the asset values and the increased costs and delay associated with the administration of a chapter 7 case, confirmation of the Plan provides each rejecting creditor and interest holder with a recovery that is not less than such holder would receive in a chapter 7 liquidation of the Debtors.  Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.  Therefore, the "best interests" test is satisfied with respect to each of these Classes.

      KK.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Classes I and II are not impaired under the Plan and therefore are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.  As set forth in the Voting Declaration, Classes III, IV, V, and VII voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.  Class VI voted to reject the Plan.  Class VIII is not entitled to receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes VI and VIII, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to Classes VI and VIII.  Accordingly, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Class.

LL.     Treatment of Claims Entitled to Priority (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Expense Claims and Fee Claims pursuant to Article I of the Plan satisfies the requirements of sections 1129(a)(9)(A) of the Bankruptcy Code.  The treatment of Priority Tax Claims pursuant to Article I of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

MM.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  The Plan complies fully with the requirements of section 1129(a)(10) of the Bankruptcy Code.  At least one class of impaired creditors accepted the Plan.  Specifically, Classes III, IV, V, and VII have voted to accept the Plan.

NN.     Feasibility (11 U.S.C. § 1129(a)(11)).  The Disclosure Statement and Plan provide for adequate means for the Plan's implementation and, thus, satisfies the requirements of Bankruptcy Code Section 1129(a)(11).

OO.     Payment of Fees (11 U.S.C. § 1129(a)(12)).  In accordance with 1129(a)(12) of the Bankruptcy Code, the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a).  As a result, the requirements of section 1129(a)(12) of the Bankruptcy Code have been satisfied.

PP.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Section 1129(a)(13) does not apply in these Cases because the Debtors have no obligations to pay any retiree benefits as contemplated by section 1129(a)(13).

QQ.     Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16)).  Sections 1129(a)(14)-(16) are inapplicable as the Debtors (i) have no domestic support obligations (1129(a)(14)), (ii) are not individuals (1129(a)(15)) and (iii) are for-profit businesses (1129(a)(16)).

13

RR.   <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.   The Plan does not discriminate unfairly and is fair and equitable to each Class of Claims or Interests that has not accepted the Plan.   Further, within their respective Classes, there exists no unfair discrimination of any of the holders of Claims or Interests.   Finally, the Plan does not violate the "absolute priority" rule contained in section 1129(b)(2) of the Bankruptcy Code.

SS.   <u>Only One Plan (11 U.S.C. § 1129(c))</u>.   The Plan (<u>including</u> any previous versions thereof) is the only plan filed in this Case.   Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

TT.   <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.   The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code.   The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

UU.   <u>Satisfaction of Confirmation Requirements</u>.   Based upon the foregoing, the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

VV.   <u>Implementation</u>.   In compliance with section 1123(a)(5) of the Bankruptcy Code, Article 5 and various other provisions of the Plan set forth the means for implementation of the Plan.   All documents necessary to implement the Plan, and all other relevant and necessary documents, have been developed and negotiated in good faith and at arm's length and, subject to and upon occurrence of the Effective Date, shall be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

WW.   <u>Disclosure.</u>   The Debtors and the Committee have disclosed all material facts regarding the Plan.

XX.     Rejection of Executory Contracts and Unexpired Leases.  Except as otherwise set forth in Article III of the Plan or this Confirmation Order, the entry of this Confirmation Order shall constitute approval of the rejection of any and all Executory Contracts and unexpired leases not assumed by the Debtors and approved by this Court.  Such Executory Contracts are burdensome to the Estates and rejection of such Executory Contracts is in the best interests of the Estates.

YY.     Satisfaction of Conditions Precedent to Confirmation.    The conditions to Confirmation set forth in Section 4.1 of the Plan have been satisfied, waived or will be satisfied by entry of the Confirmation Order.

ZZ.     Conditions to Consummation.  The conditions to the Effective Date are set forth in Section 4.2 of the Plan.  Such conditions may be waived at any time by a writing signed by the Purchaser, the Committee and the Debtors.

AAA.    Modifications to the Plan.  The modifications made to the *Amended Joint Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 344] (the "First Amended Plan") since the solicitation of votes thereon, including those modifications reflected in the Plan and as set forth in this Order, (a) comply in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and (b) do not require re-solicitation of votes with respect to the Plan.  Adequate and sufficient notice of such modifications has been given, no further notice is or shall be required, and such modifications are approved in full.  The votes cast to accept the First Amended Plan are deemed to have been cast with respect to the Plan as so modified.

BBB.    Retention of Jurisdiction.  The Court properly may retain jurisdiction over the matters set forth in Section 5.3 of the Plan.

IMPAC 6552469v.2

CCC.   <u>Substantive Consolidation.</u>   Section 2.6 of the Plan provides for the substantive consolidation of the Debtors for all purposes related to the Plan, including, without limitation, voting, confirmation and Distributions thereunder.   Based on the Record, the unanimous acceptance of the Plan by Classes III, IV, V, and VII, and in the absence of any objections by parties impacted by the consolidation to such request, this Court finds that such substantive consolidation of the Debtors and their Estates is justified and appropriate in the Cases for purposes of the Plan and the Distributions thereunder.

DDD.  Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The findings of this Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, which is applicable to this matter by virtue of Bankruptcy Rule 9014.  To the extent any findings of fact constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law constitute findings of fact, they are adopted as such.

2.      The Plan is approved and confirmed under section 1129 of the Bankruptcy Code; provided, <u>however</u>, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3.      All objections that have not been withdrawn, waived or settled, and all reservations of rights pertaining to Confirmation of the Plan, are overruled on the merits.

4.      The record of the Confirmation Hearing is closed.

16

5.     The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and, by this Confirmation Order, is approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

6.     For the avoidance of doubt, the Plan shall not become effective unless and until the conditions set forth in Section 4.2 of the Plan have been satisfied or waived pursuant to Section 4.3 of the Plan.

7.     Notice of the Confirmation Hearing, the Disclosure Statement, and the Plan complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based on the circumstances of the Case and was in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of this Court.  The solicitation of votes on the Plan complied with the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Case and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  All interested parties had an opportunity to appear and be heard.

8.     All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.

9.     The treatment of all Claims and Interests as provided in the Plan shall be, and hereby is, approved.

10.     Under the provisions of applicable state law, and section 1142(b) of the Bankruptcy Code, no action of the respective directors, stockholders, managers, or members of the Debtors is required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or

17

other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

11. The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Debtors' creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes; (d) may not be relied upon by any creditor as evidence that the Claim is or will become an Allowed Claim; and (e) shall not bind the Debtors.

12. Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual and equitable rights (including any liens) that each entity holding a Claim or interest may have in or against the Debtors or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have otherwise had in or against the Debtors or their respective property.

13. The Court finds that the Plan satisfies all of the elements required by section 1129 of the Bankruptcy Code. With respect to any Class that was impaired under the Plan and did not vote to accept the Plan, the Court finds that the Plan satisfies the "cramdown" requirements of section 1129(b) of the Bankruptcy Code with respect to such Class.

IMPAC 6552469v.2

14.     The substantive consolidation of the Debtors, as set forth in Section 2.6 of the Plan, for purposes of confirming and consummating the Plan, is approved pursuant to Bankruptcy Code Sections 105(a), 541, 1123 and 1129.

15.     The Debtors are authorized to execute and deliver any and all documents and instruments and take any and all action necessary or desirable to implement the Plan and this Confirmation Order and to effect any other transactions contemplated therein or thereby.  To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors are authorized, without further notice or application to or order of the Court to execute, deliver, file or record such agreements or documents and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.  To the extent that, under applicable non-bankruptcy law, any of these actions otherwise would require the consent or approval of the boards of directors of the Debtors, this Confirmation Order constitutes such consent and approval.

16.     On the Effective Date, except as otherwise provided in the Plan, all notes, instruments, certificates, warrants, and other documents evidencing Claims and Interests in the Debtors shall be canceled, deemed terminated, and the obligations thereunder discharged.

17.     All distributions under the Plan shall be made in accordance with the terms and conditions set forth in the Plan.

18.     As of the Effective Date, Holders of Allowed General Unsecured Claims shall be vested with the indefeasible right to receive their Pro-Rata share of the Debtors' Cash remaining after (i) the satisfaction of, or provision for, all payments required to be made to Holders of Allowed Claims in Classes I-V and the Unclassified Claims, if any, or the creation of reserves

19

for such amounts and (ii) any reserve necessary for wind-down expenses pursuant to Article I of the Plan.

19.     The Debtors shall remain Debtors-in-Possession under the Bankruptcy Code until the Effective Date.  The Debtors are authorized to wind-up their affairs and make distributions to creditors after the Effective Date in accordance with this Confirmation Order and the Plan.

20.     On the Effective Date, the authority, power and incumbency of Mr. Bernlohr, as the sole independent director and chairman of each Debtor shall continue in accordance with Section 2.5 of the Plan.  The terms of Mr. Bernlohr's proposed compensation are approved.

21.     Except as set forth in Article III of the Plan, any and all executory contracts and unexpired leases of the Debtors not previously assumed or rejected by the Debtors prior to the Effective Date shall be deemed rejected by the Debtors, effective as of the Effective Date.  For avoidance of doubt, the Settlement Agreement is not subject to rejection under Article III of the Plan.

22.     On the Effective Date of the Plan, the Committee shall be dissolved as provided by Section 5.11 of the Plan.  Each member of the Committee (including each officer, director, employee, agent, consultant, or representative thereof) and each Professional Person retained by the Committee shall be released and discharged from all further authority, duties, responsibilities, and obligations relating to the Debtors and the Cases; *provided, however,* that the foregoing shall not apply to any matters concerning any the items identified in subsections (i) through (iv) of Section 5.11 of the Plan.

23.     Unless required to be filed by an earlier date by another order of this Court, all Professional Fee Claims must be filed with this Court and served on (i) the U.S. Trustee, (ii) counsel to the Debtors, and (iii) counsel to the Committee, so as to be received by the

Professional Fee Claims Bar Date, which shall be 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the Effective Date Notice is filed and served. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of this Court in the Cases, this Court shall determine the Allowed amounts of such Professional Fee Claims. Any request for payment of a Professional Fee Claim that is not timely filed as set forth above will be forever barred, and holders of such Professional Fee Claims will not be able to assert such Claims in any manner against the Debtors, or their Estates, or their respective successors or assigns or their respective property.

24.     All fees payable pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by each of the applicable Debtors for each quarter (including any fraction thereof) until the applicable chapter 11 case of such Debtor is converted, dismissed, or closed, whichever occurs first. All such fees due and payable prior to the Effective Date shall be paid by the Debtors the later of the Effective Date or when due. After the Effective Date, the applicable Debtor shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee, until the earliest of the date on which the applicable chapter 11 case converted, dismissed, or final decreed and closed.

25.     This Confirmation Order shall constitute all disclosures, approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including but not limited to section 303 of Title 8 of the Delaware Code.

26.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with

respect to the implementation or consummation of the Plan.  Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

27.     Pursuant to section 1146(a) of the Bankruptcy Code, neither the making nor delivery of an instrument of transfer, nor the revesting, transfer and sale of any real property or personal property of the Debtors in accordance with the Plan, shall subject the Debtors to any state or local law imposing a stamp tax, transfer tax or similar tax or fee.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and may accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

28.     The Debtors are hereby authorized to execute, deliver, file or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Plan.

29.     The Court hereby retains jurisdiction of the Cases and all matters arising under, arising out of, or related to, the Cases and the Plan (i) as provided for in the Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

30.     Unless otherwise provided in the Plan or this Confirmation Order, any injunction or stay arising under or entered during the Cases under sections 105 or 362 of the Bankruptcy

Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

31.     The Release, Exculpation, and Injunction provisions are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

32.     No Holder of a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Holder under the Plan.  All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or this Confirmation Order.  Except as otherwise expressly provided for in the Plan, all Holders of Claims and Interests are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from: (i) commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, the Debtors, their successors and assigns, and any of their assets and properties; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, the Debtors, their successors and assigns, and any of their assets and properties; (iii) creating, perfecting or enforcing any encumbrance of any kind against any Estate, the Debtors, their successors and assigns, and any of their assets and properties; (iv) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, the Debtors or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof

23

of Claim; or (v) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article VI of the Plan.

33.    Each provision of the Plan is:  (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the consent of the Debtors and the Committee; and (c) nonseverable and mutually dependent.

34.    Except to the extent that the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule provides otherwise, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

35.    Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

36.    The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability on such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

37.    The period in which an appeal of this Confirmation Order must be filed shall commence upon the entry of this Order.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts, obligations, or liens incurred, undertaken or

granted pursuant to, or in connection with the Plan prior to the Debtors' receipt of written notice of such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act, obligation, or lien incurred, undertaken or granted pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents. Any act or obligation undertaken or incurred prior to a vacatur or modification of this Confirmation Order shall be governed by the Plan and this Confirmation Order.

38.     Pursuant to section 1141 and the other applicable provisions of the Bankruptcy Code, effective as of the Effective Date, the provisions of the Plan (including the exhibits and schedules to, and all documents and agreements executed pursuant to or in connection with, the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) the Committee; (c) the Purchaser Parties; (d) all Holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (e) each Person receiving, retaining or otherwise acquiring property under the Plan, (f) any non-Debtor party to an executory contract or unexpired lease with the Debtors, (g) any Person or entity making an appearance in the Cases or any other party-in-interest in these Cases, and (h) each of the foregoing's respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, professionals and other advisors, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity. Notwithstanding the foregoing, as set forth in section 1141(d)(3), nothing in this Order shall effectuate a discharge of the Debtors.

25

39.     Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), upon entry of this Confirmation Order, the Debtors shall serve on all known holders of Claims and Interests, all parties who have entered their appearance in this case and requested notice pursuant to Bankruptcy Rule 2002 and the Office of the United States Trustee, notice of the entry of this Confirmation Order no later than ten (10) days after the Effective Date of the Plan.

40.     The Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Section 4.2 of the Plan.

**Dated: February 4th, 2020**
**Wilmington, Delaware**

*Ka B. O____.*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

26